## TOM LINN v. STATE.

No. A-2251.   Opinion Filed November 2, 1915.

(152 Pac. 338.)

LARCENY—Ground for Reversal—Evidence. Evidence in a prosecution for the theft of hogs considered and held sufficient to support a conviction, and that no reversible error was committed on the trial.

(Syllabus by the Court.)

*Appeal from District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

Tom Linn, convicted of theft, appeals. Affirmed.

*W. S. Moore, Curtis & Pitchford* and *Crump & Crump,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Tom Linn and Frank Gossett were jointly informed against for the theft of four hogs, the property of Sam McMCoy. A severance was demanded and upon his separate trial, plaintiff in error was found guilty and his punishment fixed at imprisonment in the penitentiary for the term of one year. From the judgment which followed he appeals.

The evidence tends to show the following facts:

That Sam McCoy, an Indian, living eight miles north of Vian had about twenty-five hogs stolen during the summer of 1913, and he found four of the stolen hogs at Webbers Falls in the possession of P. C. Satterwhite, who purchased them from the defendants in this case. These four hogs were positively identified by several witnesses as the property of Sam McCoy. That Satterwhite had purchased seventy or eighty hogs from the defendants that summer; that plaintiff in error had lived four or five miles north of Vian about one year, at that time, and did not have any hogs when he moved into that community.

Plaintiff in error as a witness in his own behalf testified that he raised the hogs that he sold to Satterwhite.

On cross-examination he stated that his brother-in-law, Frank Gossett, was with him when he delivered the hogs to Satterwhite; that he also sold a number of hogs at Muskogee.

Several other witnesses testified that he raised the hogs that he sold to Satterwhite.

The first contention made is that the verdict of the jury was contrary to the evidence. Where the testimony is conflicting, the credibility of the witnesses and the weight to be given their testimony is a matter for the jury to determine. There was competent evidence tending to support every material averment in the information and in our judgment the evidence amply sustains the verdict.

The next contention is that the court erred in its rulings in admitting evidence.

C. F. Ritter testified that he owned some hogs that ran with those of Sam McCoy, and went with McCoy to Webbers Falls looking for the stolen hogs, and identified the four hogs found there as belonging to McCoy. That he went to Webbers Falls because he had lost twenty-six head of hogs himself; and he went there to see if he could find his hogs. Counsel urged that the admission of this evidence was in effect permitting the state to

introduce evidence which tended to show that plaintiff in error had been guilty of offenses other than the one for which he was being tried. We think this contention is without merit.

It is also contended that the conduct of the prosecuting attorney in his argument to the jury was highly prejudicial to plaintiff in error.

We have carefully examined this assignment of error, and while it appears that the prosecuting attorney made one or two statements in his argument which might be deemed improper, they were not of a character that would justify a reversal of the judgment.

It is our duty to affirm a judgment of conviction, "unless, in the opinion of the court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Procedure Criminal, Sec. 6005, Rev. Laws.

On the whole case we are compelled to say that the record does not disclose any substantial ground upon which this court would be justified in interfering with the judgment, and it must, therefore, be affirmed.

FURMAN and ARMSTRONG, JJ., concur.